IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br> ) <br> Plaintiff,   ) <br> ) <br> -vs-   ) <br> ) <br> STEVEN JONES,   ) <br> ) <br> Defendant.   ) | No.  09-CR-30041 |

## REPORT AND RECOMMENDATION

**BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:**

Before the Court is Defendant's *pro se* Motion to Aggrieve an "Unlawful Act" (d/e 36).  A hearing was held in open court with Defendant and court-appointed counsel Dan Fultz.  The Government was represented by AUSA Greg K. Harris.  The hearing was held on September 21, 2010.

The undersigned is proceeding with a Report and Recommendation as the motion is dispositive to a degree and can be characterized as a motion to suppress.  The undersigned has been referred all motions to suppress pursuant to Standing Order dated August 2, 2010.

## Background

The history of this case is illustrative of the Defendant's actions taken to date herein. Motion to Suppress Evidence (d/e 13) was filed on January 19, 2010. Thereafter a letter (d/e 15) was filed January 21, 2010 with the Court requesting new counsel. A hearing was held on January 28, 2010, and as a result of that hearing, the attorney issue was resolved. Hearing on the Motion to Suppress (d/e 13) was held March 9, 2010. A Report and Recommendation (d/e 19) on the hearing recommending denial was filed on March 15, 2010. No objections to the Report and Recommendation were made, therefore they were waived. On May 10, 2010, the Defendant stated that he wanted to plead guilty. On May 10, 2010, before U.S. District Judge Jeanne Scott, the Defendant pled guilty in an open plea to Count 1. Thereafter, on June 25, 2010, Defendant filed a Motion to Withdraw Plea of Guilty (d/e 31). On July 14, 2010, Defendant withdrew his Motion to Withdraw Plea of Guilty. On July 20, 2010, Defendant re-filed his Motion to Withdraw Plea of Guilty (d/e 33) and asked for a new attorney. On August 19, 2010, before U.S. District Judge Richard

Mills, the Defendant confirmed he still wanted Attorney Dan Fultz to represent him and Judge Mills denied the Defendant's Motion to Withdraw Plea of Guilty (d/e 33).

Now pending before the Court is Defendant's Motion *pro se* (d/e 36). The Court has reviewed same and listened to the Defendant on the record. It is clear that one aspect of the instant motion (d/e 36) was a factual element of the previously ruled upon Motion to Suppress (d/e 13), being the tracking device. Defendant also alleges in motion (d/e 36) that he wants new counsel appointed.

## Recommendation

The Defendant's current Motion (d/e 36) is untimely as it is post plea. The issues raised in motion (d/e 36) are similar to the motion to suppress (d/e 13) that has already been litigated and ruled upon. It is the law of the case. The Court notes that Attorney Fultz stated at the hearing on September 21, 2010 that the tracking device issue was raised a number of times with the Defendant, and that in his professional opinion there was no basis to raise the tracking device issue. Attorney Fultz noted that a confidential source was in the same

vehicle with the Defendant and law enforcement would have been able to locate the Defendant absent any tracking device information. The Government argues the Defendant has no standing to challenge the tracking device, that the tracking device was installed in a vehicle not owned by the Defendant, was authorized under State law, not Federal law, and that the Defendant's guilty plea waived all non-jurisdictional issues.

The Court recalls the evidentiary hearing held on the Defendant's original Motion to Suppress (d/e 13). The Court heard evidence of a tracking device and that law enforcement tracked Defendant and the van he was in from Illinois to Missouri and back to Illinois.[1] The Court also heard evidence that a confidential informant (CI) was in the van with the Defendant and was talking by cell phone with law enforcement keeping them advised of the drug deal developments. Assuming the tracking device information was not considered, law enforcement

---

[1] **The Court notes that no objections were raised as to the admissibility of the tracking device evidence by the Defendant.**

clearly still had probable cause to stop, search, and arrest Defendant. The result would be the same - no suppression of evidence.

The instant motion (d/e 36) is a motion drafted by the Defendant *pro se* who is represented by competent counsel Dan Fultz. The Constitution provides that the Defendant has a right to conduct his own defense. However, the Defendant does not have a right "to serve as co-counsel in a 'hybrid'" form of representation. United States v. Chavin, 316 F.3d 666, 671 (7th Cir. 2002); see also United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The Court retains the discretion to permit the Defendant to represent himself when he is also represented by counsel. Chavin, 316 F.3d at 671. However, such hybrid arrangements are disfavored. United States v. Patterson, 576 F.3d 431, 436 (7th Cir. 2009); see also United States v. Singleton, 107 F.3d 1091, 1101, n.7 (4th Cir. 1997) (noting that [t]he cases reiterating the principle that courts are not required to allow defendants to split the responsibilities of the representation with an attorney are myriad").

The "defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel." Gwiazdzinski, 141 F.3d at 787. Thus, his "motion . . .[is] improperly before the Court" and should be stricken. Id.  This is an alternative recommendation of the undersigned.

Based upon all of the above, the Court recommends that the Motion to Aggrieve an "Unlawful Act" (d/e 36) be denied, or in the alternative stricken.  The Court also notes that the Defendant advised that he wants Attorney Fultz to continue to represent him. That aspect of Motion (d/e 36) is denied as moot.  The matters remains scheduled for sentencing on October 19, 2010 before U.S. District Judge Richard Mills.

You are hereby notified that U.S. District Judge Richard Mills may reconsider any matter assigned to a United States Magistrate Judge pursuant to Title 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure.  You shall have within 14 days after being served via ECF with a copy of the Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of

law and recommendations of this United States Magistrate Judge.  If written objections to these proposed findings of facts and recommendations are made, Judge Mills will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendation to which an objection is made.

ENTERED:    September 22, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE